MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order construing petitioner’s request to administratively close proceedings and denying petitioner’s motion to reopen removal proceedings.
Where a petitioner improperly titles a motion to reopen or reconsider, the BIA should construe the motion based on its underlying purpose. See Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005). Here, the BIA properly construed petitioner’s motion for administrative closure as a motion to reopen and administratively close removal proceedings. See id:, 8 C.F.R. § 1003.23(b).
We review the BIA’s ruling on a motion to reopen for abuse of discretion. Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008).
An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner’s motion to reopen was filed beyond the 90-day deadline and was her second motion to reopen, and petitioner has not contended that any exceptions to the time or numerical limits apply, the BIA did not abuse its discretion in denying petitioner’s motion to reopen as untimely and number-barred. See id.
Accordingly, respondent’s motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).
All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.